The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS PATSY WILLIAMS
## DEFENDANTS CITY OF OPA-LOCKA

**(b)** County of Residence of First Listed Plaintiff MIAMI-DADE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant MIAMI-DADE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DAVID P REINER II; REINER & REINER PA
9100 S.DADELAND BLVD, MIAMI FL 305 670-8282

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO
JUDGE: DOCKET NUMBER:

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. sec. 621 et. seq.; Title VII of the Civil Rights Act of 1964, Title 42 United States Code Section 2000e et
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 1,000,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE April 6, 2018
SIGNATURE OF ATTORNEY OF RECORD
/S/DAVID P. REINER II

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ IFP _____ JUDGE _____ MAG JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

**PATSY WILLIAMS**, and individual

        Plaintiff,

vs.

**CITY OF OPA LOCKA, FLORIDA**,
A municipal corporation,

        Defendant.
_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATSY WILLIAMS ("WILLIAMS"), by and through her undersigned counsel sues Defendant, CITY OF OPA LOCKA, FLORIDA ("CITY") and states:

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. This is a matter arising under the Age Discrimination Employment Act, 29 U.S.C. sec. 621 *et. seq.*; Title VII of the Civil Rights Act of 1964, Title 42 United States Code Section 2000e *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.* and the Court's supplemental and pendant jurisdiction over the Florida Civil Rights Act, Fla. Stat. 760.10 *et seq.* and Sec 440.205, Florida Statutes claims.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. The Plaintiff has satisfied all conditions precedent, or alternatively, Defendant waived said conditions.

3. Plaintiff received a Right to Sue Letter ("EEOC Letter") from the EEOC and has

satisfied any required exhaustion of administrative remedies. Copies of WILLIAMS's EEOC Complaint and that EEOC Letter are attached as Exhibit "A."

## VENUE

4. Venue is proper under 28 U.S. Code § 1391. All acts or omissions an alleged violations of law occurred in this County and District.

5. At all times relevant hereto, Plaintiff WILLIAMS was *sui juris*, a resident of Miami-Dade County, Florida, a disabled female and within the age class protected by 29 U.S.C. sec 621 *et. seq*. and Fla. Stat. 760.10 and was employed in Miami-Dade County Florida with the City of Opa-Locka.

6. At all times relevant hereto, Defendant was a municipal employer in Miami-Dade County, Florida, employing the entire spectrum of municipal service employees including laborers, technicians, supervisors, managers and other professionals in its various departments including Public Works, Finance and Parks and Recreation.

## THE PARTIES AND OVERVIEW

7. Plaintiff WILLIAMS is a 57-year-old female with disabilities she acquired during the course of her nearly thirty (30) years of employment with the City of Opa Locka. At all times material hereto, Plaintiff WILLIAMS has been a qualified individual with a disability within the meaning of 42 U.S.C. §12111(8) and has been an aggrieved person within the meaning of F.S. §760.02(10).

8. At all times material hereto, Defendant City of Opa Locka, Florida was engaged in business in Miami-Dade County, Florida and was an employer of Plaintiff WILLIAMS within the meaning of 29 U.S.C. sec. 621 *et. seq.*; Title VII of the Civil Rights Act of 1964, Title 42 United States Code Section 2000e *et seq.*; 42 U.S.C.

§12111(5) and F.S. §760.10, *et seq.*

## GENERAL ALLEGATIONS

9. PATSY WILLIAMS began her career with the City of Opa-Locka as the City's first sanitation worker. For years she was seen by residents driving heavy equipment vehicles and slinging garbage into the backs of the trucks. During that time, she also returned to college and received her bachelor's degree.

10. Over time WILLIAMS worked her way up through various managerial positions in the finance department and eventually Department of Parks and Recreation.

11. Ms. Williams was not the highest-paid employee at the City of Opa-Locka, but she was one of the hardest workers and one of the most well-liked City employees.

12. In March 2017, concurrent with their celebration of Women's History Month, the City of Opa-Locka honored Ms. Williams with a plaque commemorating her nearly 30 years of service to the City.

13. Shortly after Ms. Williams was recognized and honored, the City eliminated PATSY WILLIAMS' job from the Budget, and kept dozens of younger employees who do not have close to the number of years of service Ms. Williams has with the City and had Ms. Williams escorted out of the City Hall by the police and be publically humiliated.

14. During, and as a result of her nearly thirty (30) years of service with the City, Ms. Williams acquired and suffered from lower back and knee problems.

15. As a result of these job related injuries, WILLIAMS has undergone numerous surgeries and like medical procedures.

16. WILLIAMS's health problems were a result of the hard work and dedicated service, which included being the first female to work on a garbage truck.

17. While WILLIAMS was out on workers compensation disability, the City's Human Resources Director, Kierra Ward, made sarcastic and disparaging comments about WILLIAMS's physical conditions stating that she wanted to get rid of WILLIAMS because of her physical condition and being out on workers compensation.

18. The City violated WILLIAMS bumping rights and had the police escort her out of City Hall after nearly thirty (30) years of service to keep the younger, less senior workers and with fewer disabilities.

19. WILLIAMS was publically humiliated when the Mayor Myra Taylor chose to publicly honor her on Live TV for her loyalty and dedication as the Women of the Year, and then moments later, removed her from the budget and terminated her.

20. At the time, the original budget recommendation did not recommend eliminating any positions currently filled.

21. The budget was changed to eliminate the Plaintiff's positon while keeping younger employees with less experience.

22. WILLIAMS was hired on October 26, 1988 as the first female Sanitation Truck driver/collector and remained in this position until 1990.

23. WILLIAMS was then promoted to the Sanitation Supervisor in 1990 until 1998.

24. After her position as Sanitation Supervisor, from 1998 through 2003, WILLIAMS held the position of Motorpool Supervisor.

25. After her position as Motorpool Supervisor, from 2003 through 2011 WILLIAMS held the position of Customer Care Supervisor.

26. After her position as Customer Care Supervisor, from 2011 through 2012, WILLIAMS held the position of Utility Billing Supervisor.

27. After her position as Utility Billing Supervisor, from 2013 through March 22, 2017, the date of termination, WILLIAMS served as the Seniors Coordinator.

28. WILLIAMS was one of the only two employees whose positions were eliminated from the budget.

29. Both were females over 50 years of age.

30. There was no reason to eliminate her position.

31. WILLIAMS was targeted and fired because she is over 50 years old with work acquired disabilities and participated in workers' compensation.

## COUNT I
## VIOLATION OF 29 U.S.C. 623(a)(1)
## EMPLOYMENT DISCRIMINATION BASED ON AGE

32. Plaintiff re-alleges, reavers, and incorporates paragraphs 1 through 31 as if fully set forth herein. This Count is pled in the alternative to all other claims.

33. The Defendant intentionally or willfully discharged Plaintiff WILLIAMS because of her age.

34. Plaintiff WILLIAMS is a female and, was 56 years old at the time Defendant intentionally or willfully terminated her from her position at the City Parks and Recreation Department.

35. The Defendant's adverse action against Plaintiff WILLIAMS was because of Plaintiff WILLIAMS' age; that is the Defendant would not have terminated Plaintiff WILLIAMS but for Plaintiff WILLIAMS' age.

36. The Defendant acted with malice or reckless indifference in terminating Plaintiff WILLIAMS.

37. Defendant intentionally discriminated against Plaintiff WILLIAMS in violation of

29 U.S.C. 623(a)(1) and she was damaged.

WHEREFORE, Plaintiff demands trial by jury and prays for relief as follows:

a. Nominal damages;

b. Compensatory damages;

c. Back pay and benefits;

d. Future pay and benefits;

e. Punitive damages;

f. Liquidated damages;

g. Other equitable relief;

h. Prejudgment interest; and

i. Reasonable attorneys' fees and costs.

## COUNT II
## VIOLATION OF TITLE VII
## EMPLOYMENT DISCRIMINATION BASED ON GENDER

38. Plaintiff re-alleges, reavers, and incorporates paragraphs 1 through 31 as if fully set forth herein. This Count is pled in the alternative to all other claims.

39. The Defendant intentionally or willfully discharged Plaintiff WILLIAMS because of her gender.

40. Plaintiff WILLIAMS is a female and, was 56 years old at the time Defendant intentionally or willfully terminated her from her position at the City Parks and Recreation Department.

41. The Defendant's adverse action against Plaintiff WILLIAMS was because of Plaintiff WILLIAMS' gender; that is the Defendant would not have terminated Plaintiff WILLIAMS but for Plaintiff WILLIAMS' gender.

42. The Defendant acted with malice or reckless indifference in terminating Plaintiff WILLIAMS.

43. Defendant intentionally discriminated against Plaintiff WILLIAMS in violation of Title VII of the Civil Rights Act of 1964, Title 42 United States Code Section 2000e *et seq,* and she was damaged.

WHEREFORE, Plaintiff demands trial by jury and prays for relief as follows:

a. Nominal damages;

b. Compensatory damages;

c. Back pay and benefits;

d. Future pay and benefits;

e. Punitive damages;

f. Liquidated damages;

g. Other equitable relief;

h. Prejudgment interest; and

i. Reasonable attorneys' fees and costs.

### COUNT III
### VIOLATION OF TITLE VII
### EMPLOYMENT DISCRIMINATION BASED ON DISABILITY

44. Plaintiff re-alleges, reavers, and incorporates paragraphs 1 through 31 as if fully set forth herein. This Count is pled in the alternative to all other claims.

45. The Defendant intentionally or willfully discharged Plaintiff WILLIAMS because of her physical disabilities.

46. Plaintiff WILLIAMS is a female and, was 56 years old at the time Defendant intentionally or willfully terminated her from her position at the City Parks and Recreation

Department.

47. The Defendant's adverse action against Plaintiff WILLIAMS was because of Plaintiff WILLIAMS' physical disabilities; that is the Defendant would not have terminated Plaintiff WILLIAMS but for Plaintiff WILLIAMS' physical disabilities.

48. The Defendant acted with malice or reckless indifference in terminating Plaintiff WILLIAMS and failed to offer any accommodations and required by law.

49. Defendant intentionally discriminated against Plaintiff WILLIAMS in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.* and she was damaged.

WHEREFORE, Plaintiff demands trial by jury and prays for relief as follows:

a. Nominal damages;

b. Compensatory damages;

c. Back pay and benefits;

d. Future pay and benefits;

e. Punitive damages;

f. Liquidated damages;

g. Other equitable relief;

h. Prejudgment interest; and

i. Reasonable attorneys' fees and costs.

**COUNT IV**
**VIOLATION OF FLA. STAT. 760.10(1)**
**EMPLOYMENT DISCRIMINATION BASED ON AGE**

50. Plaintiff re-alleges, reavers, and incorporates paragraphs 1 through 31 as if fully set forth herein. This Count is pled in the alternative to all other claims.

51. The Defendant intentionally or willfully discharged Plaintiff WILLIAMS

because of her age.

52. Plaintiff WILLIAMS is a female and, was 56 years old at the time Defendant intentionally or willfully terminated her from her position at the City Parks and Recreation Department.

53. The Defendant's adverse action against Plaintiff WILLIAMS was because of Plaintiff WILLIAMS' age; that is the Defendant would not have terminated Plaintiff WILLIAMS but for Plaintiff WILLIAMS' age.

54. The Defendant acted with malice or reckless indifference in terminating Plaintiff WILLIAMS.

55. Defendant intentionally discriminated against Plaintiff WILLIAMS in violation of FLA. STAT. 760.01, *et seq.* and she was damaged.

WHEREFORE, Plaintiff demands trial by jury and prays for relief as follows:

a. Nominal damages;

b. Compensatory damages;

c. Back pay and benefits;

d. Future pay and benefits;

e. Punitive damages;

f. Liquidated damages;

g. Other equitable relief;

h. Prejudgment interest; and

i. Reasonable attorneys' fees and costs.

## COUNT V
## VIOLATION OF FLA. STAT. 760.10(1)
## EMPLOYMENT DISCRIMINATION BASED ON GENDER

56. Plaintiff re-alleges, reavers, and incorporates paragraphs 1 through 31 as if fully set forth herein. This Count is pled in the alternative to all other claims.

57. The Defendant intentionally or willfully discharged Plaintiff WILLIAMS because of her gender.

58. Plaintiff WILLIAMS is a female and, was 56 years old at the time Defendant intentionally or willfully terminated her from her position at the City Parks and Recreation Department.

59. The Defendant's adverse action against Plaintiff WILLIAMS was because of Plaintiff WILLIAMS' gender; that is the Defendant would not have terminated Plaintiff WILLIAMS but for Plaintiff WILLIAMS' gender.

60. The Defendant acted with malice or reckless indifference in terminating Plaintiff WILLIAMS.

61. Defendant intentionally discriminated against Plaintiff WILLIAMS in violation of FLA. STAT. 760.01, *et seq.* and she was damaged.

WHEREFORE, Plaintiff demands trial by jury and prays for relief as follows:

a. Nominal damages;

b. Compensatory damages;

c. Back pay and benefits;

d. Future pay and benefits;

e. Punitive damages;

f. Liquidated damages;

 g. Other equitable relief;

 h. Prejudgment interest; and

 i. Reasonable attorneys' fees and costs.

## COUNT VI
## VIOLATION OF TITLE VII
## <u>EMPLOYMENT DISCRIMINATION BASED ON DISABILITY</u>

62. Plaintiff re-alleges, reavers, and incorporates paragraphs 1 through 31 as if fully set forth herein. This Count is pled in the alternative to all other claims.

63. The Defendant intentionally or willfully discharged Plaintiff WILLIAMS because of her physical disabilities.

64. Plaintiff WILLIAMS is a female and, was 56 years old at the time Defendant intentionally or willfully terminated her from her position at the City Parks and Recreation Department.

65. The Defendant's adverse action against Plaintiff WILLIAMS was because of Plaintiff WILLIAMS' physical disabilities; that is the Defendant would not have terminated Plaintiff WILLIAMS but for Plaintiff WILLIAMS' physical disabilities.

66. The Defendant acted with malice or reckless indifference in terminating Plaintiff WILLIAMS and failed to offer any accommodations and required by law.

67. Defendant intentionally discriminated against Plaintiff WILLIAMS in violation of FLA. STAT. 760.01, *et seq.* and she was damaged and she was damaged.

WHEREFORE, Plaintiff demands trial by jury and prays for relief as follows:

 a. Nominal damages;

 b. Compensatory damages;

 c. Back pay and benefits;

    d. Future pay and benefits;

    e. Punitive damages;

    f. Liquidated damages;

    g. Other equitable relief;

    h. Prejudgment interest; and

    i. Reasonable attorneys' fees and costs.

## COUNT VII
## VIOLATION OF FLORIDA STATUTE SECTION 440.205

68. Plaintiff re-alleges, reavers, and incorporates paragraphs 1 through 31 as if fully set forth herein. This Count is pled in the alternative to all other claims.

69. Plaintiff while working for the City applied for Workers' Compensation Benefits.

70. As a result of her applying for Workers' Compensation Benefits, the City of Opa Locka threaten to discharge her, intimate her, and coerce her because of her valid for Workers' Compensation claims and attempt to obtain Workers' Compensation and enforce her valid rights to workers compensation coverage.

71. Ultimately, the employer discharged her because she lawfully filed Workers' Compensation claims.

WHEREFORE, Plaintiff demands trial by jury and prays for relief as follows:

    a. Nominal damages;

    b. Compensatory damages;

    c. Back pay and benefits;

    d. Future pay and benefits;

    e. Punitive damages;

    f. Liquidated damages;

g. Other equitable relief;

h. Prejudgment interest; and

i. Reasonable attorneys' fees and costs.

DATED: APRIL 6, 2018

                                       Respectfully submitted,

                                       **MICHAEL A. PIZZI, JR., P.A.**
                                       **MICHAEL A. PIZZI, JR.,**
                                       Florida Bar No. 079545
                                       *Co-Counsel for Plaintiff*
                                       6225 Miami Lakes Drive, Suite 313
                                       Miami Lakes, Florida  33015
                                       Tel: (305) 777-3800; Fax: (305) 777-3802
                                       *mpizzi@pizzilaw.com*


                                       **REINER & REINER, P.A.**
                                       *Co-Counsel for Plaintiff*
                                       9100 So. Dadeland Blvd., Suite 901
                                       Miami, Florida 33156-7815
                                       Tel: (305) 670-8282; Fax: (305) 670-8989
                                       *efile@reinerslaw.com; eservice@reinerslaw.com*

                                            **/S/ DAVID P. REINER, II**
By: _____
                                       **DAVID P. REINER, II**; FBN 416400

*W:\200\29829 - Williams Lawsuit\Patsy Williams Complaint Final.docx*